UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISMY SAGAILLE,

                                      **COMPLAINT**

                *Plaintiff,*

                                      ***JURY DEMAND***

           -against-

CITY OF NEW YORK, NEW YORK POLICE
DEPT., CAPTAIN TERRELL ANDERSON, In his
Individual and Official Capacities, SGT. KIADA
MORAGNE, In Her Individual and Official
Capacities, POLICE OFFICER MATTHEW
WOODS, In His Individual and Official Capacities,
POLICE OFFICER COREY HARPER, In His
Individual and Official Capacities, POLICE
OFFICER MARC STARROMAND, In His
Individual and Official Capacities,

                *Defendants.*
-----------------------------------------------------------X

      Plaintiff CHRISMY SAGAILLE, by and through his attorney, WILLIAM T. MARTIN, ESQ., complaining of the defendants herein, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      This is an action to recover monetary damages arising out of defendants' violation of plaintiffs rights as secured by the Civil Rights Act, 42 U.S.C. §1983, 1985, 1986, and 1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff CHRISMY SAGAILLE is an African-American male. Plaintiff is a United States citizen. Plaintiff was deprived of his constitutional and common law rights when defendant(s) N.Y.P.D. POLICE OFFICERS,

1

KIADA MORAGNE, MATTHEW WOODS, COREY HARPER, MARC STRAMMOND and TERRELL ANDERSON (hereinafter referred to as the "P.O. DEFENDANTS") falsely accused plaintiff of crimes that he did not commit, assaulting him, inflicting psychological and physical injuries and causing plaintiff to lose his liberty.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act; 42 U.S.C. § 1983, 1985, 1986. and 1988, and the rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 1343 and the aforementioned statutory and constitutional provisions.

2. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action, which derived from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and cause of action.

## VENUE

2. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

## PARTIES

3. Plaintiff, CHRISMY SAGAILLE (hereinafter "SAGAILLE" or "PLAINTIFF"), at all times relevant to this Complaint, was an employee of the CITY OF NEW YORK within the

Kings County District Attorney's Office ("KCDA"). Plaintiff resides in the County of Kings, State of New York.

4. During all times relevant in this Complaint the Defendant, CITY OF NEW YORK (hereinafter "CITY") is a duly constituted Municipal Corporation of the State of New York. Upon information and belief, the CITY oversees, maintains, manages/supervises, and controls several departments and employees - including but not limited to the New York City Police Department (hereinafter "NYPD") and the Individual Defendants herein.

5. During all times mentioned in this Complaint, Defendant KIADA MORAGNE (hereinafter "MORAGNE" OR "Defendant MORAGNE") was an employee of the Defendant CITY OF NEW YORK and was a police officer (Shield No. 3286), with the rank of Sergeant, within the New York City Police Department ("NYPD"). Upon information and belief, Defendant MORAGNE was assigned to the 69 Precinct in Brooklyn, New York. Defendant MORAGNE is being sued in her individual and official capacities.

6. During all times mentioned in this Complaint, Defendant MATTHEW WOODS (hereinafter "WOODS" OR "Defendant WOODS") sued here in his official capacity, was an employee of the Defendant CITY OF NEW YORK and was a police officer (Shield No. 21755), within the New York City Police Department. Upon information and belief, Defendant WOODS was assigned to the 69 Precinct in Brooklyn, New York. Defendant WOODS is being sued in his individual and official capacities.

7. During all times mentioned in this Complaint, Defendant MARC STRAMMOND (hereinafter "STRAMMOND" OR "Defendant STRAMMOND") sued here in his official capacity, was an employee of the Defendant CITY OF NEW YORK and was a police officer (Shield No. 23063), within the New York City Police Department. Upon information and belief,

Defendant STRAMMOND is assigned to Highway 2 in Brooklyn, New York. Defendant STRAMMOND is being sued in his individual and official capacities.

8. During all times mentioned in this Complaint, Defendant COREY HARPER (hereinafter "HARPER" or "Defendant HARPER") sued here in his official capacity, was an employee of the Defendant CITY OF NEW YORK and is a police officer (Shield No. 10512), within the New York City Police Department. Upon information and belief, Defendant HARPER is assigned to the 69 Precinct in Brooklyn, New York. Defendant HARPER is being sued in his individual and official capacities.

9. During all times mentioned in this Complaint, Defendant TERRELL ANDERSON (hereinafter "ANDERSON" or "Defendant ANDERSON") sued here in his official capacity, was an employee of the Defendant CITY OF NEW YORK and was a commanding officer, within the New York City Police Department. Upon information and belief, Defendant ANDERSON was assigned to the 69 Precinct in Brooklyn, New York. Defendant ANDERSON is being sued in his individual and official capacities.

## STATEMENT OF FACTS

10. On or about August 6, 2016 at approximately 4:00 a.m. Plaintiff Sagaille was in a vehicle lawfully stopped at a red light, when he was approached by two NYPD officers.

11. Upon information and belief, MORGANE and WOODS exited their vehicle and walked up to and surrounded plaintiff's car. MORAGANE and WOODS did not ask for a license and/or registration or informed plaintiff as to why he was being interrogated.

12. That without probable cause MORAGNE and WOODS apprehended the plaintiff. Plaintiff SAGAILLE indicated to MORAGNE and WOODS that he had done nothing wrong,

4

when they pulled plaintiff from his vehicle and began to vigorously interrogate the plaintiff, publicly.

13. Plaintiff SAGAILLE volunteered his license and ID which indicated he worked as a prosecutor for the Kings County District Attorney's office. MORGANE then stated to the plaintiff that she can make things difficult for him and go to the press. MORAGNE and WOODS continued with their interrogation and arrested him without probable cause.

14. MORAGNE stated to the plaintiff, "You guys like to put us in the papers, we are going to put you in the papers." The arrest was picked up and reported by the Associated Press and other major publications.

15. The NYPD unlawfully released two dismissed and sealed arrest regarding the plaintiff in an effort to further humiliate him. Pursuant to CPL 160.50 the defendants violated the statue by disclosing information which was sealed.

16. Plaintiff was charge with Driving While Intoxicated ("DWI"). Plaintiff spent twenty-five (25) hours in jail as a result of the charges he was falsely accused of by the defendants.

17. SAGAILLE searched and found surveillance video that directly contradicted the defendant's sworn statements.

18. As a result of these charges the plaintiff was falsely accused of, plaintiff was caused to lose his full time job (where he was an Assistant District Attorney for the Special Victims Bureau) and was subject to public humiliation by these members of the NYPD, who acted without probable cause or justification.

19. As a result of the Defendant's conduct, SAGAILLE suffered a violation of his due process rights and other constitutional rights guaranteed by the State and Federal constitutions,

extreme emotional, mental and psychological anguish, including but not limited to loss of appetite, loss of sleep, depression, humiliation, anxiety, irritability, nervousness, discomfort and impairment of enjoyment of life, performance of daily activities and loss of benefits and/or wages.

20. Plaintiff alleges that the NYPD and defendant CITY are liable for the false arrest of plaintiff due to the failure to hire rational, intelligent, and competent employees and to afford them adequate training.

21. The above-mentioned acts were all conducted in violation of plaintiff's constitutional rights and were perpetrated by the defendants' under color of law. The NYPD and defendant CITY have tolerated and permitted a pattern of illegal actions against citizens, and have failed to maintain an unbiased system for review and discipline of these types of violations by police officers, and as a result, an atmosphere of indifference to said constitutional violations by New York City police officers has been countenanced and fostered the belief by New York City police officers that they can violate the rights of African- Americans and or minority citizens, like plaintiff SAGAILLE without meaningful consequences and impunity.

22. Further, SAGAILLE did not commit a criminal act, and was falsely accused and arrested. While the case remained pending for fourteen months, SAGAILLE had to hire an attorney and make fourteen separate appearances in court. On October 4, 2017, after a jury trial in front of Judge Gary, SAGAILLE was acquitted of DWI and the case was dismissed and sealed.

## **FIRST CAUSE OF ACTION**

### **Violation of Plaintiff's Federal Constitutional Rights**

23. Plaintiff SAGAILLE repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "20" with the same force and effect as if more fully set forth at length herein.

24. On or about August 6, 2016. the Defendant's committed an illegal search and seizure, and falsely arrested plaintiff while using excessive force that was unlawful, an abuse of power, unreasonable and without probable cause all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. 1983 and in addition they falsified a criminal complaint against plaintiff SAGAILLE.

25. As a direct and proximate result of the above-mentioned unlawful and malicious acts committed by the P.O. DEFENDANTS, which were all committed under color of their authority as police officers, and while acting within that capacity, plaintiff suffered a deprivation of his liberty, and economical and emotional damages, all of which is in violation of his rights under the Constitution and laws of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, 1985. 1986 and 1988.

26. As a further result of the above-mentioned unlawful and malicious acts committed by the Defendant's plaintiff was deprived of his rights and immunities secured by the U.S. Constitution and laws of the State of New York including, but not limited to, his rights to be secure in his home and person; to be free from unreasonable search and seizure and punishment without due process, and to equal protection of the laws.

27. On August 6, 2016 the NYPD, in an effort to smear and damage the reputation of the Plaintiff, the Defendant's violated CPL 160.50 by disclosing information which was sealed. NYPD released two sealed arrest of the Plaintiff to the press, in complete violation of the

Plaintiff's due process under the constitution. The NYPD had no authority to releases those records. The NYPD weaponized SAGAILLE's past without any regard to the rule of law in New York or the United States.

28. By subjecting the plaintiff to an illegal arrest and releasing sealed arrest records, the defendants directly violated the laws, rules and regulations of the NYPD, the laws of Defendant CITY and State of New York and the United States.

29. That by reason of the forgoing, plaintiff suffered physical and emotional injuries all to his damage in the sum of Five Million Dollars ($5,000,000).

## SECOND CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

30. Plaintiff SAGAILLE repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "26" with the same force and effect as if more fully set forth at length herein.

31. Defendants, NYPD, CITY and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the P.O. DEFENDANTS, who were unfit for the performance of police duties on August 6, 2016, and who also prepared and filed false accusatory documents to cover their illegal conduct at the above mentioned location.

32. The failure of the defendant CITY and NYPD to hire, retain, train, supervise, discipline, discharge or in any other way adequately control the behavior of the individual police officer defendants in the exercise of their police functions, and their failure to enforce the laws of

8

the State of New York and the regulations of NYPD is evidence of the reckless disregard for the rights of the public, including plaintiff, and exhibited a lack of guidance and direction which prudent and reasonable individuals would display in employing person to work for the NYPD.

33. Further defendant CITY and NYPD countenance, condone, ratify and continue the employment of the P.O. Defendants even though they are made aware of the various acts of said defendant police officers and such forbearance, without consequences, fosters an atmosphere of lawlessness and implicit acceptance of falsifying accounts of criminally against the citizenry with impunity.

34. Such conduct has been allowed to exist and has created a culture of lawlessness that is carried out willfully, wantonly, maliciously and with reckless disregard for the rights of minorities in general and plaintiff SAGAILLE's constitutional rights specifically.

35. That by reason of the forgoing, plaintiff suffered economic and emotional injuries all to his damage in the sum of Five Million Dollars ($5,000,000.00).

## THIRD CAUSE OF ACTION

### False Imprisonment

36. Plaintiff SAGAILLE repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "33" with the same force and effect as if more fully set forth at length herein.

37. The abovementioned acts and conduct committed by the defendants constituted false arrest without cause or justification and defendants violated plaintiffs' rights under the Constitution and laws of the State of New York.

38. The P.O. DEFENDANTS created and filed false accusatory document and intended to confine plaintiff and, in fact, confined plaintiff and plaintiff was conscious of such confinement and there was no legal basis and it was not otherwise privileged.

39. The individual P.O. Defendants were at all times agents, servants, and employees acting within the scope of their employment by Defendants CITY and NYPD and were aware of the fact that it was a crime to prepare and signed a false accusatory instrument.

40. Plaintiff SAGAILLE was at all times material to this action lawfully on the street when he was accosted by the P.O. Defendants, and was peacefully enjoying his night to be free from unreasonable search and seizure.

41. That the P.O. Defendants, forcibly pull and removed Plaintiff SAGAILLE from his vehicle, while he was in public and thereafter arrested him on false charges.

42. That plaintiff SAGAILLE was arrested and jailed based on these false charges made against him by the defendants. He remained detained for 25 hours.

43. Plaintiff SAGAILLE was acquitted of the charges against him after a jury trial in front of Judge Gary on October 4, 2017.

44. That as a result of the forgoing plaintiff SAGAILLE was deprived of his liberty and he was conscious of his imprisonment.

45. That by reason of the forgoing, plaintiff SAGAILLE suffered serious economic and emotional damages in the sum of Five Million Dollars ($5,000,000.00).

## FOURTH CAUSE OF ACTION

### False Arrest

46. Plaintiff SAGAILLE repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "45" with the same force and effect as if more fully set forth at length here in.

47. That the aforesaid actions of the individual defendants constitute false arrest and/or imprisonment of plaintiff SAGAILLE in violation of the Constitution and law of the City and State of New York and United States of America.

48. That P.O. Defendants recklessly, wrongfully, maliciously and without probable cause physically detained plaintiff SAGAILLE, on or about August 6, 2016, and placed him under arrest.

49. That as a result of the false arrest without probable cause, plaintiff SAGAILLE was incarcerated for an extended period approximately twenty-five hours, unjustly.

50. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff has suffered general, pecuniary and compensatory damages in the sum of Five Million Dollars ($5,000,000.00).

## FIFTH CAUSE OF ACTION

### Malicious Prosecution

51. Plaintiff SAGAILLE repeats and reiterates and realleges each and every allegation contained in paragraphs marked "1" through "47" with the same force and effect as if more fully set forth at length herein.

52. The individual defendants P.O. DEFENDANTS brought charges against plaintiff SAGAILLE that were false, which they knew or should have known to be false through the exercise of due diligence.

53. That plaintiff SAGAILLE faced prosecution on said false allegations, brought by these individual defendants, who they knew or should have known were false and was subjected to termination from his fulltime job, based on the false statements of the individual P.O Defendants.

54. That the charges and prosecution of plaintiff SAGAILLE was reckless, wanton, and malicious without any regard to the truth of the allegations, or the conduct of the defendants.

55. The charges resulted in an acquittal on the merits by a jury in King County Criminal Court, in front of Judge Gary on October 4, 2017.

56. That as a proximate result of the aforesaid acts and omissions by the defendants, the plaintiff has suffered general, pecuniary and compensatory damages.

57. That by reason of the forgoing, plaintiff suffered serious economic and emotional injuries all to his damage in a sum of Five Million Dollars ($5,000,000.00).

## SIXTH CAUSE OF ACTION

## AGAINST THE CITY OF NEW YORK

58. Plaintiff SAGAILLE repeats and reiterates and realleges each and every allegation contained in paragraphs marked "1" through "54" with the same force and effect as if more fully set forth at length herein.

59. That as an employer of the P.O. Defendants at the times of their negligent conduct as set forth herein, the defendant CITY, is liable to the plaintiff under the laws of the defendant CITY and State of New York, for allowing said individual defendants to act under color of law, and in violation of plaintiff SAGAILLE's constitutional rights as members of the NYPD.

60. That as a proximate result of the aforesaid acts and omissions by the P.O Defendants, the plaintiff has suffered general, pecuniary and compensatory damages.

61. That by reason of the forgoing, plaintiff suffered serious economical and emotional injuries all to his damage in the sum of Five Million Dollars ($5,000,000.00)

**WHEREFORE**, Plaintiff SAGAILLE request judgment against the individual N.Y.P.D. Police Officers, NEW YORK POLICE DEPT., and defendant CITY OF NEW YORK as follows:

1. As against the individual Defendants, General and Compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00) on the cause of action herein,

2. As against the individual Defendants N.Y.P.D. Police Officers, punitive damages in the sum of Five Million DOLLARS ($5,000,00.00) on the cause of action herein, and

3. As against Defendant CITY OF NEW YORK, General and Compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00) on the Six Cause of action asserted against it, and

4. As against Defendant New York Police Dept., General and Compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00) on the Sixth Cause of action asserted against it, and

5. Cost of this action,

6. And such other and further relief as may deem to be just proper.

Date Somers, New York
July 29, 2019

William T. Martin, Esq. (WM 4005)
108 Village Sq., Suite 143
Somers, NY 10589